UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLEY ANN BAISLEY,<br><br>Plaintiff,<br><br>v.<br><br>SLADE INDUSTRIES, INC.,<br><br>Defendant. | No. 22-CV-3791 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

Kelley Ann Baisley ("Plaintiff") brings this Action against Slade Industries, Inc. ("Defendant"), alleging that—as a result of Defendant's negligence—she was injured after her left foot was temporarily stuck in the doors of a closing elevator. (*See generally* Compl. (Dkt. No. 1-1).) In an Opinion and Order dated June 12, 2024 (the "Summary Judgment Opinion"), the Court denied in part Defendant's Motion for Summary Judgment. *Baisley v. Slade Indus., Inc.*, No. 22-CV-3791, 2024 WL 3012568 (S.D.N.Y. June 13, 2024).[1] On June 26, 2024—immediately prior to a previously-scheduled status conference held before the Court—Defendant submitted the instant Motion for Reconsideration (the "Motion"). (Not. of Mot. (Dkt. No. 67); Mem. of Law in Supp. of Mot. ("Def's Mem.") (Dkt. No. 68); Decl. of Catherine G. Bryan, Esq. in Supp. of Mot. ("Bryan Decl.") (Dkt. No. 69).)[2] Pursuant to a briefing schedule adopted during

[1] The Court's Opinion and Order was signed on June 12, and docketed on June 13, 2024. (*See* Op. & Order (Dkt. No. 66).)

Separately, the Court notes that it cites to the ECF-stamped page number in the upper righthand corner of each page from the record.

[2] Although Defendant styles its Motion as one for "Reargument," (*see, e.g.*, Not. of Mot.), the Court refers to it herein as one for Reconsideration.

the June 26 conference, Plaintiff filed her Opposition on July 22, 2024. (Decl. of Francis X. Young, Esq. in Opp'n. to Mot. ("Young Decl.") (Dkt. No. 74); Mem. of Law in Opp'n. to Mot. ("Pl's Mem.") (Dkt. No. 75).) Defendant submitted its Reply on August 9, 2024. (Reply Mem. of Law in Further Supp. of Mot. ("Def's Reply") (Dkt. No. 76).)[3] For the reasons that follow, Defendants' Motion is denied.[4]

I. Discussion

A. Standard of Review

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (internal quotation marks and citation omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014) (summary order); *see also Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, No. 13-CV-4577, 2018 WL 11396029, at *2 (S.D.N.Y. June 6, 2018) (same). "Reconsideration of a previous [o]pinion . . . is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Rosner v. United States*, No. 16-CV-

[3] The Court notes that a significant portion of Defendant's substantive argument in its Reply appears to have been more-or-less copied and pasted from its opening brief. (*Compare* Def's Mem. 8–9, *with* Def's Reply 3–4.) Indeed, the Reply recycles the typographical error in Defendant's opening briefing indicating that *Ulerio v. Schindler Elevator Corp.*, No. 12-CV-1496, 2014 WL 1303710 (S.D.N.Y. Mar. 26, 2014), was venued in the nonexistent "S.D.N.J." (*See* Def's Mem. 8; Def's Reply 3.)

[4] Beyond the foregoing procedural summary, the Court presumes the Parties' familiarity with the facts underlying this Action and the prior procedural history of this case, which it set forth at length in the Summary Judgment Opinion. *See Baisley*, 2024 WL 3012568, at *2–4.

7256, 2019 WL 1451253, at *1 (S.D.N.Y. Mar. 18, 2019) (quoting *In re Beacon Assocs. Litig.,* 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011)).

The standard for such motions is strict and should not be granted where the moving party seeks solely to relitigate an issue already decided. *See Sacerdote v. New York Univ.*, 9 F.4th 95, 118 n.94 (2d Cir. 2021) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked")), *cert. denied*, 142 S. Ct. 1112 (2022); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (internal quotation marks and citation omitted)). "A movant may not 'rely upon facts, issues, or arguments that were previously available but not presented to the court.'" *Azzarmi v. Neubauer*, No. 20-CV-9155, 2023 WL 6255678, at *1 (S.D.N.Y. Sept. 26, 2023) (quoting *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014)). "Nor is a motion for reconsideration 'the proper avenue for the submission of new material.'" *Li v. China Merchs. Bank Co.*, No. 22-CV-9309, 2023 WL 2955293, at *2 (S.D.N.Y. Apr. 14, 2023) (quoting *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000)). "Rather, to be entitled to reconsideration, a movant must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405 (internal quotation marks and citation omitted); *see also S.K. v. N.Y.C. Dep't of Educ.*, No. 21-CV-7291, 2023 WL 3646935, at *1 (S.D.N.Y. May 25, 2023) (same). In other words, "[a]

motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *accord Indergit*, 52 F. Supp. 3d at 523; *see also Rosner*, 2019 WL 1451253, at *1 (making clear that "the movant carries a heavy burden" in connection with a motion for reconsideration).

B. Analysis

Through the instant Motion, Defendant asks the Court "to revisit its determination that there are genuine disputes of material fact as to the first res ipsa loquitur element[,] which preclude granting summary judgment." (Def's Mem. 4.)

The first element in the res-ipsa-loquitur analysis under New York law asks whether "the event [underlying the negligence claim] is of a type that ordinarily would not occur in the absence of negligence." *Swanson v. Schindler Elevator Corp.*, No. 21-CV-10306, 2024 WL 967331, at *5 (S.D.N.Y. Mar. 6, 2024) (citation omitted). As explained in the Summary Judgment Order, the event underlying Plaintiff's negligence claim—referred to therein as the January 23, 2019 Incident—took place when her foot became stuck in elevator doors, which had closed on her left foot as she was attempting to enter it. *See Baisley*, 2024 WL 3012568, at *2–3. As to the first element of the doctrine of res ipsa loquitur, the Court held that "a reasonable jury could find that the January 23, 2019 Incident was the type of event that does not ordinarily occur in the absence of someone's negligence," given that "New York courts have long held that 'elevator malfunctions . . . "do not occur in the absence of negligence, giving rise to the possible application of res ipsa loquitur."'" *Id.* at *12 (quoting *Swanson*, 2024 WL 967331, at *5)

(collecting cases where the court "determined that the application of res ipsa loquitur [was] appropriate under circumstances similar to those presented in this case").

Rather than arguing that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405, in support of this Motion Defendant asserts—without citing any controlling authority—that "as a necessary predicate for [the Court's determination on first element of res ipsa loquitur], the Court must first find that there is at least a genuine issue of fact as to the existence of a dangerous or defective condition that led to plaintiff's injury," (Def's Mem. 4.) However, Defendants' argument flies in the face of the very purpose of res ipsa loquitur. As the Court explained in the Summary Judgment Opinion, "[r]es ipsa loquitur is a doctrine that allows two elements of negligence, duty of care and breach, to be *inferred from the very nature of the accident, even without direct evidence of how any defendant behaved*." *Baisley*, 2024 WL 3012568, at *11 (S.D.N.Y. June 13, 2024) (emphasis added) (quoting *Skidd v. JW Marriot Hotels & Resorts*, No. 06-CV-1554, 2010 WL 2834890, at *3 (S.D.N.Y. July 8, 2010)). And—at the risk of stating the obvious—in a negligence case, the existence of a dangerous or defective condition is part of the breach element. *See, e.g.*, *Ulerio*, 2014 WL 1303710, at *5 (discussing the alleged defective condition in connection with assessing whether the defendants breached their duty of care); *see also Green v. Schindler Elevator Corp.*, No. 19-CV-4677, 2022 WL 4484542, at *4 (S.D.N.Y. Sept. 27, 2022) (similar).

Nor is the Court convinced that the handful of cases Defendant cites in support of its made-up proposition—that "[a]s a necessary prerequisite to allowing a plaintiff to proceed on a theory of res ipsa loquitur in an elevator case such as this[] . . . the Court must first determine that there is a genuine issue of material fact as to the existence of a dangerous or defective

condition with the elevator at the time of the accident, or at the very least that there is a genuine issue of material fact as to whether the elevator was properly maintained"—support its preferred interpretation of the law. (*See* Def's Mem. 8–9.) In fact, none of the cases Defendant cites comes close to expressing that proposition. For instance, although an expert in *Linwood v. Schindler Elevator Corp.* had opined that "the striking of a[n elevator] passenger door does not occur on a properly maintained and adjusted elevator absent negligence by the parties responsible for its proper maintenance[,]" that court did not rely exclusively on that expert opinion in concluding that the application of res ipsa loquitur was appropriate in that case, *see* No. 16-CV-1020, 2019 WL 5722110, at *3, 9–10 (S.D.N.Y. Jan. 25, 2019).[5] Instead, the *Linwood* court first explained that "'[c]ommon sense establishes that an adequately maintained elevator should not' have its doors closing on and striking its passengers severely enough to 'caus[e] injuries to its passengers[,]'" *id.* at *9 (quoting *Gonzalez v. Otis Elevator Co.*, No. 09-CV-8905, 2012 WL 993476, at *3 (S.D.N.Y. March 26, 2012)), and that "most Second Circuit and New York State authority the Court has found addressing elevator door strike or similar cases have denied summary judgment on the application of res ipsa loquitur[,]" *id.* (italics omitted) (collecting cases), before simply noting that the expert's opinion was consistent with that case law, *see id.* at *10; *see also Swanson*, 2024 WL 967331, at *5 (permitting a negligence claim to survive on res-ipsa-loquitur grounds—not because of any expert opinion—but in light of "the 'long established jurisprudence' of New York courts in the Appellate Division's First Department . . . that elevator malfunctions like misleveling 'do not occur in the absence of negligence, giving rise to the possible application of res ipsa loquitur'" (quoting *Ezzard v. One*

[5] The district court adopted the report and recommendation in *Linwood* by order dated April 15, 2019. (*See* Order (Dkt. No. 97, 16-CV-1020 Dkt.).)

*East River Place Realty Co., LLC*, 8 N.Y.S.3d 195, 198 (App. Div. 2015)); *Ulerio*, 2014 WL 1303710, at *8 (S.D.N.Y. Mar. 26, 2014) (quoting an expert's opinion that "the malfunction of [an elevator's] car and corridor doors could only have occurred due to improper maintenance and/or operation on the part of [the defendants,]" while also noting that "common sense establishes that an adequately maintained elevator should not come to an unexpected and abrupt stop causing injuries to its passengers" (citations omitted)).

Defendant's reliance on *Estevez v. SLG 100 Park LLC*, 189 N.Y.S.3d 53 (App. Div. 2023), is also unavailing. (*See* Def's Mem. 9.) There, the Appellate Division vacated the trial court's grant of summary judgment in favor of the defendant because the defendant admitted that the elevator at issue had a "sensor installed in the inner cab that should have prevented the elevator door from closing if a person or object was in its path" and "[t]he record contain[ed] sufficient evidence that [the] plaintiff would have triggered this sensor had it been functional." *Estevez*, 189 N.Y.S.3d at 57. As should be obvious, the facts in *Estevez* as set forth in the Appellate Division's brief res-ipsa-loquitur analysis is on all fours with the facts in this case. *See Baisley*, 2024 WL 3012568, at *2–4. Likewise, the Second Circuit's decision in *Stone v. Courtyard Mgmt. Corp.*, 353 F.3d 155 (2d Cir. 2003), does nothing to support Defendant's cause. (*See* Def's Mem. 9.) Independent of its (unsurprising) observation that a control box, motor, motion detector, and/or presence sensor associated with the automatic entry doors at issue were inaccessible to the public for exclusive-control purposes, the *Stone* panel stated—in relation to the first res-ipsa-loquitur element—that "[m]embers of the public passing through automatic doors, whether in an airport, office building or supermarket do so generally without sustaining

injury[,]" such that "[a]n injury suggests a malfunction which in turn suggests neglect." 353 F.3d at 158, 161 (citation and quotation marks omitted).[6]

Defendant is clearly disappointed with the Court's Summary Judgment opinion, (*see* Def's Reply 4 (opining that "the Court *failed* to determine if there is at least a genuine issue of fact as to the existence of a dangerous or defective condition that led to [P]laintiff's injury" (emphasis added))), but because it has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," its Motion is denied, *Geo-Grp. Commc'ns, Inc. v. Shah*, No. 15-CV-1756, 2020 WL 6729181, at *2 (S.D.N.Y. Nov. 16, 2020). A motion for reconsideration quite simply is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also Townsquare Media, Inc. v. Regency Furniture, Inc.*, No. 21-CV-4695, 2023 WL 6289984, at *2 (S.D.N.Y. Sept. 27, 2023) ("Defendants' disagreement with the Court's analysis is not 'a basis for reconsideration.'" (quoting *Bryant v. AB Droit Audiovisuels*, No. 07-CV-6395, 2017 WL 2954764, at *2 (S.D.N.Y.

[6] The Court separately notes that it is unclear why Defendant relies on inapposite cases elsewhere in its papers. (*See* Def's Mem. 7.) In particular, *Morales v. Foodways, Inc.* does not discuss or even involve the doctrine of res ipsa loquitur, *see* 589 N.Y.S.2d 6, 7–8 (App. Div. 1992) (reversing the trial court's denial of summary judgment in a slip-and-fall case on notice grounds), nor does *Vega-Santana v. Nat'l R.R. Passenger Corp.*, 956 F. Supp. 2d 556, 560–62 (S.D.N.Y. 2013) (granting summary judgment in favor of the defendants on a negligence claim on causation grounds in a case where the plaintiff fell while riding an escalator). On the other hand, *Wurtzel v. Starbucks Coffee Co.*, does discuss the doctrine of res ipsa loquitur. *See* 257 F. Supp. 2d 520, 528–29 (E.D.N.Y. 2003). But there, the court determined that res ipsa loquitur was not applicable to the facts before it, because the defendant did not have exclusive control over the hot coffee that spilled on the plaintiff as she made a turn while driving her car. *See id.* at 522–23, 528–29. And although the court in *Wurtzel* does briefly discuss an elevator case—*Feblot v. New York Times Co.*, 299 N.E.2d 672 (N.Y. 1973)—this Court roundly rejected Defendant's reliance on *Feblot* as "particularly unpersuasive" in the Summary Judgment Opinion. *See Baisley*, 2024 WL 3012568, at *13.

July 11, 2017)); *see also Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, No. 08-CV-10518, 2011 WL 1347001, at *2 (S.D.N.Y. Apr. 4, 2011) ("The Court will not re-litigate the merits of the underlying dispute on a motion for reconsideration."), *aff'd*, 495 F. App'x 129 (2d Cir. 2012) (summary order).

Even if Plaintiff's evidence is "thin," "[t]he credibility of [Plaintiff's] statements and the weight of contradictory evidence may only be evaluated by a finder of fact." *Scott v. Coughlin*, 344 F.3d 282, 290–91 (2d Cir. 2003). Thus, to the extent that Defendant asserts that it is not liable in this case, it will have every opportunity to make that argument at trial. *See Swanson*, 2024 WL 967331, at *5 ("If [the plaintiff's] injury was not the result of a malfunction attributable to negligence, [the defendant] is free to offer evidence to that effect at trial." (quotation marks omitted)); *see also Griffen v. Manice*, 59 N.E. 925, 926 (N.Y. 1901) (explaining that the doctrine of res ipsa loquitur is based, in part, upon the fact that it is within the power of the defendant "to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present").

II. Conclusion

For the foregoing reasons, Defendant's Motion is denied. The Court will hold a telephonic status conference on September 10, 2024, at 11:00 a.m. The Clerk of Court is respectfully directed to terminate the pending Motion. (Dkt. No. 67.)

SO ORDERED.

Dated: August 12, 2024
White Plains, New York

KENNETH M. KARAS
United States District Judge